# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **ALICE FAYE COX** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:03CV628** |
| **DESOTO COUNTY SHERIFF'S DEPARTMENT and DESOTO COUNTY, MISSISSIPPI** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion for summary judgment [51-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Alice Faye Cox, a resident of Southaven, Mississippi. The defendants are the DeSoto County Sheriff's Department and DeSoto County, Mississippi. Until her termination, Cox was an employee of the Sheriff's Department who worked as a secretary for the detectives in the Department. Cox claims that, prior to the 2003 Republican primary elections, James Riley, the incumbent Sheriff, along with several of his political allies within the Department, indicated to departmental employees anyone who did not actively campaign on Sheriff Riley's behalf would be terminated. The record is unclear on whether Cox campaigned on Sheriff Riley's behalf or not, but for the purposes of this motion, the Court presumes that Cox did not campaign sufficiently to satisfy Sheriff Riley.

Sheriff Riley won the primary but only with 52% of the vote, and he attributed his near loss to the failure of some employees to actively campaign. Although Cox was not terminated for her refusal to campaign, she was transferred two weeks after the election from her secretarial position to a job working in the jail house med room. This new position required Cox, a 59-year-old woman

with no training in either law enforcement or medical procedure, to remain frequently in contact with inmates. In particular, Cox was required to frequently interact with sick inmates, including mentally disturbed and potentially violent ones. As a result of the transfer, Cox claims to have suffered mental stress and was required by her doctor to take anti-anxiety medication. The job also required Cox to stand all day and to work a 12-hour shift, whereas her prior position allowed her to sit most of the day and to only work an 8-hour shift. Cox was also allegedly denied a cost-of-living raise which her replacement in her old position received.

Cox was replaced in her previous position by a Missy Laughter, a 21-year-old who had actively campaigned for Sheriff Riley to some extent. Although the parties dispute how actively Laughter campaigned for Sheriff Riley, the Court assumes for the purposes of this motion that it was sufficient to satisfy Riley as to Laughter's loyalty to him. There is some evidence of remarks made by one of Sheriff Riley's subordinates suggesting an animus towards older employees that Cox interprets to be evidence that she was being forced from her old position due to her age.

Sometime after filing her initial employment discrimination suit, Cox was fired. Officially, her termination was the result of her filing a report indicating that she observed officers brutally beat and pepper-spray a hand-cuffed inmate. After an investigation, the Department concluded that the inmate was pepper-sprayed but not beaten. Cox admitted that she could not actually see the officer strike the inmate because the officer's body was in the way, but she nevertheless insists that she could see the officer pull back his hand in a fist and strike towards the inmate and that she could hear the impact. Cox was terminated for allegedly making a false claim about prisoner abuse.[1] According

---

[1] Although Cox describes this alleged prisoner abuse in vivid detail, the Court is constrained to point out that the abuse is not specifically an issue in this trial, although it may be relevant to some issues. Cox has not raised a First Amendment claim of retaliatory discharge for

2

to Cox, two other departmental personnel were terminated after claiming to have witnessed prisoner abuse.

Initially, Cox filed a charge against the Sheriff's Department and the County with the Equal Employment Opportunity Commission, alleging that she was wrongfully transferred in violation of her First Amendment rights and also in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Cox subsequently amended her complaint to add a claim for retaliatory discharge, alleging that the Department's allegation that she falsely claimed to have witnessed prisoner abuse is merely a pretext for retaliation over the filing of the EEOC charge and the subsequent lawsuit.[2] The defendants now move for summary judgment.

## **ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing

---

her role in reporting this alleged abuse. Instead, her claims are premised on wrongful transfer and retaliatory discharge for her refusal to campaign for the Sheriff.

[2]Cox's suit also raised a claim that she had suffered physical injuries in the form of ligament damage to her shoulder while attempting to move a heavy jail door. The plaintiff concedes that this particular claim is barred by Mississippi's Worker's Compensation statute.

Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

Claims such as Cox's under the ADEA are generally analyzed under the McDonnell Douglas framework, which requires the plaintiff to first establish a prima facie case for age discrimination by showing that (1) she was a member of the protected class, which in this case means over the age of forty, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) she was replaced by someone outside the protected class, i.e. someone younger than forty. Reeves, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

Similarly, to establish a prima facie case for retaliatory discharge in violation of one's First Amendment rights, the employee must establish that (1) she engaged in a protected activity, or, as in this case, refused to engage in such an activity, (2) she suffered an adverse employment action, (3) there was a causal connection between the two, and (4) the execution of a policy, custom or practice of the municipal body caused the adverse reaction. Sharp v. City of Houston, 164 F.3d 923, 931 (5th Cir. 1999). A job transfer may qualify as an "adverse employment action" under the McDonnell Douglas framework if the change makes the job "objectively worse," including a transfer to a job with the same pay, title and grade but which is "less prestigious." Sharp, 164 F.3d at 933.

In either case, once the prima facie case is satisfied, an inference that the employer engaged in discrimination and/or retaliation is presumed, and the employer is required to proffer a legitimate, non-discriminatory or retaliatory reason for the adverse employment decision. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004). If the employer can do so, the presumption of

discriminatory or retaliatory animus dissipates, and the employee must present evidence that the proffered reasons are merely pretext for an improper reason. Davis, 383 F.3d at 317.

The defendants offer three arguments in support of their motion for summary judgment: (1) Cox was laterally transferred for non-discriminatory reasons, (2) Cox's transfer was not an adverse employment action, and (3) Cox cannot show that any deprivation of her constitutional rights occurred through or were caused by any policy or custom of DeSoto County.[3]

The Court notes that Cox was transferred from what was a simple secretarial position to a highly stressful position which required her to regularly interact with potentially dangerous and threatening prisoners. The Court is satisfied that a jury might consider this to be an adverse employment action. With regard to Cox's retaliation claim, the Court finds that Cox has come forward with evidence which might permit the fact-finder to conclude that Sheriff Riley was the final policy-maker for the DeSoto County Sheriff's Department with regard to employment decisions. There are disputed issues of fact surrounding the questions of how much campaigning Cox did for Sheriff Riley relative to her replacement, Missy Laughter, and whether Cox's refusal to more actively campaign led to her reassignment. Accordingly, for the purposes of summary judgment, the Court presumes that Cox has met her burden with regard to the prima facie case for both retaliation and age discrimination

The defendants proffer separate legitimate, non-discriminatory reasons for both Cox's transfer and her termination. With regard to the transfer, the defendants allege that Cox was transferred to the med room when her previous job was consolidated with other jobs that she was

---

[3]The defendants also argue that the DeSoto County Sheriff's Department is not a proper party and that the claims against it should be construed as claims against DeSoto County. To that extent, summary judgment is granted for the Sheriff's Department.

not able to perform. In response, Cox has come forward with evidence that she was both capable and willing to perform her old job, even with its increased duties, and that she was more qualified than Missy Laughter, her 21-year-old replacement. With regard to the termination, the defendants claim that Cox was terminated solely for her allegedly false accusations of police beating an inmate. Notwithstanding the findings of the review board which rejected Cox's claims, the Court concludes that there remain disputed issues of fact surrounding Cox's reports of police brutality. The possibility that the Sheriff's Department used her report as a pretext for firing her in retaliation the filing of this suit is one which must be considered by a jury.

## **CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED:

1. that the defendants' motion to dismiss the plaintiff's claims pertaining to her ligament damages as barred by the Mississippi Workers Compensation Statute is GRANTED;

2. that all claims against the DeSoto County Sheriff's Department are DISMISSED and are construed as being claims against DeSoto County; and

3. that the defendants' motion for summary judgment [51-1] is otherwise DENIED.

This is the 28th day of October, 2005.

       **/s/ Michael P. Mills**
       **UNITED STATES DISTRICT JUDGE**