**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

---

**ALICE FAYE COX**                                                      **PLAINTIFF**

**V.**                                                      **CASE NO: 1:03CV628**

**DESOTO COUNTY SHERIFF'S DEPARTMENT**
**and DESOTO COUNTY, MISSISSIPPI**                                      **DEFENDANTS**

---

*CONSOLIDATED WITH*

**ALICE FAYE COX**                                                      **PLAINTIFF**

**V.**                                                      **1:05CV323**

**JAMES RILEY, individually and in his**
**official capacity as Sheriff of DeSoto County,**
**Mississippi, JOHN CHAMPION, individually,**
**CHARLES BROWN, and JAMES DUNN,**
**individually and in their official capacities**
**as deputy sheriffs and jail administrators of**
**DeSoto County, Mississippi**                                      **DEFENDANTS**

---

**MEMORANDUM OPINION**

This cause comes before the court on the defendant DeSoto County's motion [117] for

summary judgment on the plaintiff's termination claim. Plaintiff Cox has filed a motion in

response. The court has reviewed the briefs and submissions and is prepared to rule.

This cause of action was filed on November 12, 2003. The plaintiff alleged that she

suffered an undesirable transfer as a result of her failure to support the sheriff in his campaign for

reelection. On December 29, 2004, Cox filed an amended complaint to add an additional claim

of retaliation since she had been terminated on December 7, 2004, for allegedly giving a false statement in relation to an incident of abuse of a prisoner.   A trial date was set for November 14, 2005; however, on November 10, 2005, the plaintiff moved to add a claim that her termination was caused by a violation of her First Amendment rights.   The motion was granted and the trial date was continued so as not to prejudice the defendants.  On November 16, 2005, Cox filed a motion to dismiss her appeal of the Mississippi Department of Employment Security decision related to her termination that was pending in DeSoto County Circuit Court.  The DeSoto County Circuit Court dismissed the appeal on December 5, 2005, and on December 7, 2005, the plaintiff filed a suit against individual defendants Riley, Champion, Dunn, and Brown (1:05cv323).  The suit against the individual defendants was consolidated with the instant action on November 16, 2006.

The defendant now moves for summary judgment on two grounds.  First, the defendant contends that collateral estoppel and/or res judicata bars her termination claim.  Second, the defendant contends that the First Amendment does not protect the speech that led to her termination because she was speaking pursuant to her employment duties.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d

202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Plaintiff Cox filed an initial claim for benefits with the Mississippi Department of Employment Security, which was denied on December 29, 2004. The plaintiff was disqualified for benefits based on the ground that she was discharged for misconduct connected with work. She filed a notice of appeal to the Appeals Referee on January 4, 2005, and the hearing was held on January 24, 2005. The decision was affirmed on January 28, 2005. The plaintiff then filed a notice of appeal to the Board of Review, which affirmed the decision on March 3, 2005. Plaintiff Cox then filed an appeal in the DeSoto County Circuit Court, which she voluntarily dismissed December 5, 2005.

DeSoto County maintains that the plaintiff's termination claims are issue precluded. The Fifth Circuit has clearly recognized that federal courts must give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate. *Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997). The defendant has conceded that this court must accept that the Mississippi Employment Security Commission's administrative decision estops the plaintiff's termination claim. Accordingly, this court does not reach the question of First Amendment protection and the defendant's motion [117] for summary judgment on Cox's termination claim is GRANTED on the basis of res judicata.

Mississippi Tort Claims Act

This court administratively dismissed motion 17, the defendants' motion to dismiss, in member case *Cox v. Riley* (1:05cv323) due to the duplication of the res judicata claim made in the lead case. The court now takes up other issues raised in motion 17.

> In considering a motion to dismiss, the complaint should be construed in favor of the plaintiff, and all facts pleaded should be taken as true. Motions "to dismiss for failure to state a claim [are] 'viewed with disfavor, and [are] rarely granted.'" A Rule 12(b)(6) dismissal will not be affirmed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

> *S. Christian Leadership Conference v. Supreme Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)(citations omitted).

Defendants Riley, Brown, and Dunn contend that the plaintiff's state law claims are barred because Plaintiff Cox did not comply with the notice provisions of the Mississippi Tort Claims Act. The Mississippi Tort Claims Act requires that a person file a written notice of a claim in person or by registered or certified mail with the chief executive officer of a government entity before proceeding with a civil action. *See* Miss. Code Ann. 11-46-11(1). The notice must be given at least ninety days prior to commencing action.

The plaintiff asserts that her state law claim for malicious interference with employment is not barred by the Mississippi Tort Claims Act. Any state claim for which the plaintiff did not provide adequate notice must be dismissed; however, claims based on allegations of "malice" fall outside the scope of the MTCA. Specifically, Miss. Code. Ann. § 11-46-7(2) provides as follows:

> (2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable

for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, *malice*, libel, slander, defamation or any criminal offense.

As this issue is raised by Riley, Brown, and Dunn, this court will only address allegations of malice directed at these parties. The allegations in the plaintiff's complaint only assert malicious interference with employment contract by Defendant Dunn. The plaintiff's allegations accuse Dunn of intentionally withholding information in order to cause Cox to lose her job. At this stage, the plaintiff's allegations must be accepted as true, which would ordinarily require that Cox's claim of malicious interference with employment contract survive the motion to dismiss. However, as summary judgment has been granted on the basis of res judicata with respect to the plaintiff's termination claims, Cox's claim for malicious interference with employment contract must fail.

Official Capacity Claims

The defendants also assert that allegations against Riley, Dunn, and Brown in their official capacities are essentially the same allegations made against DeSoto County in the *Cox v. DeSoto County*, and that any official capacity claims be dismissed to avoid duplicate litigation. This point has been rendered moot due to the consolidation of the cases on November 16, 2006.

Individual Capacity Claims

The plaintiff has raised individual capacity claims unrelated to her termination against defendants Riley and Brown. She alleges that they caused her to be transferred from her secretarial position to a job in the medroom due to her failure to actively campaign for Sheriff

Riley's reelection. Individual capacity suits impose individual liability upon a government officer for actions taken under color of state law; therefore, a plaintiff must show that an official acting under color of state law caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362, 116 L.Ed. 301 (1991). Officials sued in their individual capacities may assert the personal immunity defense that he or she acted in objectively reasonable reliance on existing law. *Id*. Reasonableness is assessed in light of the legal rules that were "clearly established" at the time action was taken. *Thompson v. City of Starkville, Mississippi*, 301 F.2d 456, 468-69 (5th Cir. 1990).

The defendants only address the plaintiff's termination claims in their argument, but Cox's claims related to her transfer clearly allege a violation of her First Amendment rights. A public employer cannot act against an employee because of the employee's affiliation or support of a rival candidate unless the employee's activities in some way adversely affect the government's ability to provide services. *Brady v. Fort Bend County*, 58 F.3d 173, 175 (5th Cir. 1995). Assuming her allegations are true, Riley and Brown violated Cox's clearly established First Amendment rights. According to Cox, her transfer occurred due to her refusal to campaign for the sheriff. The defendants did not address this issue in their motion; therefore, there were no assertions that her lack of support for Riley interfered with her secretarial duties or the functioning of the DeSoto County Sheriff's Department in general. A reasonable official would understand that an employee has the right to support or not support any candidate of his or her choosing. Accordingly, Riley and Brown are not entitled to qualified immunity with regard to the plaintiff's retaliatory transfer claim.

<u>Defendant John Champion</u>

The court also administratively dismissed Defendant John Champion's motion [24] to dismiss until resolution of the res judicata issue relating to Plaintiff Cox's termination claim. All claims against Champion relate to the plaintiff's termination. As summary judgment has been granted with respect to the plaintiff's termination claims, the motion is moot.

This court finds that:

1. Defendant DeSoto County's motion [117] for summary judgment on the termination claim is GRANTED;

2. State law claims against defendants Dunn, Riley, and Brown are DISMISSED (pursuant to motion 17 in member case);

3. Dunn, Riley and Brown's motion to dismiss the official capacity claims against them has been rendered MOOT due to case consolidation [17];

4. Riley and Brown's motion for qualified immunity is DENIED with respect to Cox's retaliatory transfer claims [17]; and

5. Defendant Champion's motion to dismiss is MOOT (pursuant to motion 24 in member case).

This the 1st day of May, 2007.

<u>/s/ Michael P. Mills</u>
**UNITED STATES DISTRICT JUDGE**